**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**ROBERT EARL CHAMBERLIN**                                                **PLAINTIFF**

**vs.**                                                         **CIVIL ACTION NO. 1:11CV04-SAA**

**MICHAEL ASTRUE,**
**Commissioner of Social Security**                                       **DEFENDANT**

**MEMORANDUM OPINION**

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Robert Earl Chamberlin for a period of disability and disability insurance benefits (DIB) under Section 216(I) and 223 of the Social Security Act and for supplemental security income payments under Section 1614(a)(3) of the Act. Plaintiff protectively applied for a period of disability and disability insurance benefits on August 10, 2007, and protectively filed for supplemental security income on November 9, 2007. In both applications, he alleged that he became disabled on March 9, 2007 due to degenerative disc disease and chronic pain syndrome. Docket 5, p. 17. The plaintiff's claim was denied initially on September 17, 2007, and on reconsideration on January 8, 2008. Plaintiff requested a hearing on February 27, 2008 and testified at the administrative hearing that was held on November 10, 2009. *Id.* at 28-45. The ALJ issued an unfavorable decision on December 10, 2009. *Id.* at 15-23. After the Appeals Council denied plaintiff's request for a review on July 14, 2010, plaintiff timely filed the instant appeal from the Commissioner's decision, and it is now ripe for review.

The district court's jurisdiction over plaintiff's claim rests upon 28 U.S.C. § 1331. In accordance with the provisions of 28 U.S.C. § 636(c), both parties have consented to have a

magistrate judge conduct all proceedings in this case; the undersigned therefore has the authority to issue this opinion and the accompanying final judgment.

## I. FACTS

The plaintiff was born on May 30, 1955 (Docket # 5, p. 101) and was fifty-four years old at the time of the ALJ's decision on December 10, 2009. *Id.* at p. 23. He has a high school education and has worked as plugger at Georgia Pacific and a laborer for US Motors, both of which are considered unskilled work. *Id.* at 121, 126. He contends that he became disabled on March 9, 2007 when he a previous back injury rendered him unable to work. *Id.* at 121. The ALJ rejected his claims of disability, concluding that even though the plaintiff had severe impairments and could not perform his past relevant work, there nevertheless were jobs which existed in significant numbers in the national economy which plaintiff could perform. Consequently, plaintiff was not disabled.

Plaintiff alleges the following errors:

1. The ALJ should have found plaintiff disabled at Step 3 pursuant to Listing 1.04A, Appendix 1, Subpart P, Regulations No. 4.

2. The ALJ erred in assessing plaintiff's RFC at Step 4, in light of the treating physician's opinions, resulting in an improper reliance upon testimony of the VE given in response to a defective hypothetical.

3. The ALJ should have found plaintiff disabled at Step 5 pursuant to Medical-Vocational Rule 201.14 as of his onset date, in light of the treating physician's opinions. Although plaintiff raises three issues as grounds for appeal, the court will focus on the fact that the ALJ should have found plaintiff disabled because he meets the requirements of Medical-

Vocational Rule 201.12 as of his onset date.

## II. STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining his burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove he is not currently engaged in substantial gainful activity.[3] Second, plaintiff must prove his impairment is "severe" in that it "significantly limits [his] physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical and mental demands of his past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

[2] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[3] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

[4] 20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).

[5] 20 C.F.R. §§ 404.1520(d), 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

[6] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

past work experience, that he is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that he cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999); citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient

---

[7] 20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

[8] *Muse*, 925 F.2d at 789.

[9] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10] *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

At step one, the ALJ concluded that the plaintiff has not engaged in substantial gainful activity since March 9, 2007, the alleged onset date. Docket 5, p. 17. At step two, the ALJ found that plaintiff has severe impairments that include degenerative disc disease and chronic pain syndrome. *Id.* He concluded at step three that the plaintiff does not have an impairment or combination of impairments that meet or medically equal any impairment listed at 20 C.F.R. Pt. 404, Subpart P., App. 1. *Id.* In his written decision the ALJ found that plaintiff has the RFC to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) "except he is limited to occasional bending and twisting; and due to chronic pain, he is limited to unskilled and semiskilled work." Docket 5, p. 18. The ALJ noted that plaintiff was 51 years of age at the alleged onset date which is defined as "an individual closely approaching advanced age." *Id.* at p. 22. He further noted that plaintiff has a high school education and is able to communicate in English, but that transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled. *Id.* Based upon testimony of the VE that jobs exist in significant numbers in the national economy that plaintiff can perform, the ALJ concluded that plaintiff was not disabled under the Social Security Act. *Id.* at p. 22-23.

### III. DISCUSSION

Plaintiff contends on appeal that the ALJ erred in not finding plaintiff disabled under *Medical-Vocational Rule* 201.14 contained in 20 C.F.R. Part 404, Subpart P, App. 2 (hereinafter

"*Medical-Vocational Rule*").[11]  Docket 9. p. 1.  While the court agrees that plaintiff is disabled, it finds that plaintiff falls under either *Medical-Vocational Rule* 201.12 or 201.14.  The ALJ first erred when he concluded that plaintiff was capable of performing light exertional work instead of sedentary work.  The medical evidence does not support a finding that plaintiff is capable of performing work at the light exertional level.  It appears that the ALJ primarily relied upon the medical records of Dr. Vohra, a treating physician whose opinions were given controlling weight.  Docket 5, p. 21.  Dr. Vohra opined that plaintiff would be limited to light/ medium level work and could rarely lift forty pounds and occasionally lift thirty pounds.  Docket 5, p. 432.  Dr. Vohra did not indicate that plaintiff was capable of performing any frequent lifting–a requirement for light exertional level work as testified to by the VE.  *Id.* at 44.  Sedentary work is the only exertional level that only requires occasional lifting.  *Id.*  Based upon a review of the record, it appears that the ALJ took Dr. Vohra's statement that plaintiff could perform light work at face value instead of ensuring that the physician's opinions actually met the social security definition of "light work."  The medical records support a finding that plaintiff should be limited to sedentary work as there is no evidence in the record to support a finding of a light exertional work requirement.  In fact, the record evidence strongly supports a finding of sedentary over light exertional work.  Dr. Nader, plaintiff's treating neurologist, opined that plaintiff could do "no heavy lifting greater than 10 pounds.  No heavy pushing or pulling.  No bending.  No riding in a motorized vehicle for greater than 30 minutes without 5 minute breaks.  No prolonged sitting or standing for greater than 20 minutes."  Docket 5, p. 428.  Additionally, Dr. Vohra did not indicate that plaintiff could perform any lifting on a frequent basis.  Therefore, the ALJ

should have found plaintiff capable of performing only sedentary work.

This error by the ALJ resulted in his utilizing the incorrect Table for a determination of whether plaintiff is disabled under the *Medical-Vocational Rules*. The ALJ should have used Table No. 1 – Residual Functional Capacity: Maximum Sustained Work Capacity Limited to Sedentary Work as a Result of Severe Medically Determinable Impairment(s) instead of Table 2– Residual Functional Capacity: Maximum Sustained Work Capacity Limited to Medium Work as a Result of Severe Medically Determinable Impairment(s). According to Table No. 1, plaintiff is disabled as he is an individual closely approaching advanced age with a highschool education whose previous work experience was unskilled.[12] The court has carefully reviewed the entire record in this case, and found clear substantial evidence that plaintiff meets *Medical-Vocational Rule* 201.12. Therefore, plaintiff is disabled and no further evaluation of plaintiff's impairments is required.

## **DETERMINATION OF BENEFITS**

In determining whether to reverse the Commissioner's final decision and remand or to grant benefits without further administrative review, the court must look to the completeness of the record, the weight in favor of the plaintiff, the harm to the claimant that further delay might cause, and the effect of a remand delaying the ultimate receipt of benefits by a deserving plaintiff. SOCIAL SECURITY LAW & PRACTICE, §55.77, p. 129. In this case, the plaintiff has been very patient. He has been seeking benefits through the administrative processes for four

---

[12] The ALJ found that plaintiff's past relevant work was unskilled. Docket 5, p. 23. However, plaintiff argues that he satisfies *Medical-Vocational Rule* 201.14 which indicates that his previous work was semi-skilled or skilled. Regardless, under both *Medical-Vocational Rule* 201.12 and 201.14, plaintiff is deemed disabled.

7

years.  The evidence in this case is clear.  Plaintiff's work limitations fall squarely within the requirements of *Medical-Vocational Rule* 201.12, and the plaintiff is therefore presumed disabled under the Act without further inquiry into his work ability.  Accordingly, the court holds that because the evidence is conclusive, an award of benefits at this stage would be in the best interest of the plaintiff's health and welfare and will avoid further undue delay which would result upon remand for additional review.  The court directs that this case be remanded for the sole purpose of determining the amount of benefits to be awarded to the plaintiff under the Act.

## **PLAINTIFF'S REMAINING ARGUMENTS**

Because the court has determined that the plaintiff is disabled under the Social Security Act and this action is being remanded for the sole purpose of determining the amount of benefits to be awarded to the plaintiff under the Act, the court need not address the merits of the plaintiff's remaining arguments at this time.

## **CONCLUSION**

For the forgoing reasons, the court finds that the decision of the ALJ was not supported by substantial evidence, that plaintiff's impairments fall within the requirements of *Medical-Vocational Rule 201.12* and plaintiff is entitled to benefits under the Social Security Act.  This case is remanded for the sole purpose of determining the amount of benefits to be awarded.  An final judgment in accordance with this memorandum opinion will issue this day.

SO ORDERED, this, the 4th day of August, 2011.

    /s/ S. Allan Alexander  
UNITED STATES MAGISTRATE JUDGE